# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4897 | **DATE** | 5/29/2003 |
| **CASE TITLE** | John A. Mazurek vs. Cook County, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion of Cook County d/b/a Oak Forest Hospital to dismiss Count II [8-1] is granted. Motion of defendant Mangialardi to dismiss plaintiff's claims against him [10-1] is denied. Defendants' motion to strike paragraph nine [9-1], [10-2], are denied. Defendants' motions to strike plaintiff's demand for punitive damages under Count III [8-2], [10-2], are granted. Defendants are ordered to answer plaintiff's first amended complaint within 20 days of the date of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | G- | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/29/2003 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | | MD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| JOHN A. MAZUREK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 4897 |
| ) | Judge Joan H. Lefkow |
| COOK COUNTY, d/b/a OAK FOREST ) | |
| HOSPITAL and GREGORY MANGIALARDI ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John A. Mazurek ("Mazurek") has filed a five-count first amended complaint against defendants Cook County, doing business as Oak Forest Hospital (the "Hospital"), and Gregory Mangialardi ("Mangialardi"). Plaintiff alleges that the Hospital is liable for discrimination and a hostile work environment on account of his sex under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Count I), and under the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq.* (Count II), and is liable intentional infliction of emotional distress under Illinois law (Count III). Further, plaintiff alleges Mangialardi is liable for intentional infliction of emotional distress (Count III), intentional defamation (Count IV) and negligent defamation (Count V) under Illinois law. Jurisdiction is invoked over plaintiff's federal and state law claims against the Hospital under 28 U.S.C. §§ 1331, 1367(a) and 2000e-(5)(f)(3) and over plaintiff's state law claims against Mangialardi under 28 U.S.C. § 1367(a). *See Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997) (pendent party jurisdiction). Presently before the court are defendants' separate motions to dismiss and



strike portions of plaintiff's first amended complaint, which the court addresses below.

## STANDARDS FOR A MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Sanville* v. *McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS FROM THE FIRST AMENDED COMPLAINT

At all relevant times, the Hospital employed plaintiff and Mangialardi as public safety officers. Plaintiff alleges that, from approximately September 20, 2000 to February 5, 2002, Mangialardi engaged in the following misconduct towards him: on or about September 20, 2000, Mangialardi "unzipped" his trousers and pushed his "crotch area" near plaintiff's head while plaintiff sat in a reclining chair at his work station (First Am. Compl. ¶ 9); and on or about March 19, 2001 and February 5, 2002, Mangialardi communicated "false innuendo, rumor and insults" to unidentified employees at the Hospital and other individuals when he alleged that plaintiff molested and had "improper sexual relations" with plaintiff's minor daughters (*Id.* ¶¶ 11, 47, 56). Because of Mangialardi's "false statements," the Department of Children and Family Services ("DCFS") investigated plaintiff for suspected child abuse. (*Id.* ¶ 49.) The DCFS, however,

concluded that the child abuse allegations were "false and unfounded[.]" (*Id.* ¶ 50.)

On or about April 20, 2001, plaintiff complained about Mangialardi's misconduct to Patricia M. Dixon, the Hospital's Labor Relations Manager in the Human Resources Department. On or about May 24, 2001, the Hospital initiated an investigation of plaintiff's complaints and subsequently concluded that plaintiff's complaints were "serious and substantiated[.]" (*Id.* ¶¶ 15, 32.) The Hospital, however, failed to take any corrective action against Mangialardi because plaintiff's complaints concerned only male to male harassment rather than the requisite male to female harassment. As a result of the Hospital's failure to take action, Mangialardi and other unidentified employees subjected plaintiff to further harassment and retaliation.

On or about October 24, 2001, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") against the Hospital. On or April 10, 2002, the EEOC issued a Notice of Right to Sue letter. On or about July 11, 2002, plaintiff filed this instant lawsuit against defendants.

## DISCUSSION

Before the court are the following motions filed by defendants: the Hospital's motion to dismiss Count II; Mangialardi's motion to dismiss Counts III, IV and V; defendants' motions to strike paragraph nine; and defendants' motions to strike plaintiff's demand for punitive damages under Count III.

### A. The Hospital's motion to dismiss Count II

The Hospital has moved to dismiss plaintiff's IHRA claim under Count II, arguing that plaintiff failed to exhaust his administrative remedies with the Illinois Human Rights Commission ("IHRC"). Pursuant to the IHRA, "[e]xcept as otherwise provided by law, no court

3

of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C). Rather, a court has jurisdiction over an IHRA claim only "after the [IHRC] has issued a final order on" an administrative charge. *Talley* v. *Washington Inventory Serv.*, 37 F.3d 310, 312-13 (7th Cir. 1994).

In determining what constitutes a claim under the IHRA, a "civil rights violation" includes an employer's or employee's sexual harassment of the plaintiff. 775 ILCS 5/2-102(D). Thus, if a plaintiff alleges a state common law claim but that claim is "inextricably linked" to a civil rights violation such as sexual harassment, the IHRA preempts that claim. *Maksimovic* v. *Tsogalis*, 177 Ill. 2d 511, 516, 687 N.E.2d 21, 23 (1997). As such, a court cannot adjudicate that claim unless the plaintiff exhausted his administrative remedies with the IHRC.

Plaintiff admits that he failed to file a charge with the IHRC.[1] Nevertheless, he asserts that his claim under Count II is best characterized as a state common law claim based on the Hospital's failure to take corrective action, which lead to "assault and battery and continual harassment of a slanderous and demeaning nature" against him. (Pl. Resp. at 3 ¶ 6.) For this reason, plaintiff asserts that the IHRA does not preempt his claim under Count II and thus he did not have to exhaust his administrative remedies with the IHRC. In support of his assertion, plaintiff relies on *Maksimovic*, 177 Ill. 2d at 517-18, 687 N.E.2d at 23-24 (holding that the plaintiff's common law claims of assault, battery and false imprisonment were not preempted by the IHRA), *Rapier* v. *Ford Motor Co.*, 49 F. Supp. 2d 1078, 1079-80 (N.D. Ill. 1999)

---

[1] Although plaintiff filed an EEOC charge and received a Notice of Right to Sue letter from the EEOC, plaintiff must still exhaust his administrative remedies for IHRA claims before the IHRC. *See Ellman* v. *Woodstock #200 Sch. Dist.*, No. 99 C 50017, 2001 WL 218958, at *7 (N.D. Ill. Feb. 26, 2001) (stating, *inter alia*, "The IHRC's workshare agreement with the EEOC does not alter the IHRC's exclusive jurisdiction over the IHRA.").

4

(determining that because the plaintiff's common law claims including intentional infliction of emotional distress arose "independently of any legal duties created by the IHRA[,]" the IHRA did not preempt such claims), and *Corluka v. Bridgeford Foods of Ill., Inc.*, 284 Ill. App. 3d 190, 195-96, 671 N.E.2d 814, 819 (1st Dist. 1996) (holding that the IHRA did not preempt a former employee's claim for breach of contract based on an anti-harassment policy because, *inter alia*, "[w]e can read nothing in the [IHRA] or caselaw which suggest [*sic*] that it was meant to preempt contract law.").

Plainly, plaintiff's assertions are a misguided attempt to avoid the jurisdictional problem. Unlike the cases relied on by plaintiff where the plaintiffs alleged separate common law claims, plaintiff only alleges an IHRA claim under Count II. Indeed, he not only alleges virtually the same facts as included in his Title VII claim but also alleges that sexual harassment constitutes a civil rights violation under the IHRA, 775 ILCS 5/2-101(E), -102(D). (First Am. Compl. ¶¶ 35-36.) For these reasons, plaintiff alleges a sexual harassment claim under the IHRA in Count II. Thus, because plaintiff fails to exhaust his administrative remedies with the IHRC, the court will dismiss Count II.

**B.    Mangialardi's motion to dismiss plaintiff's claims against him**

Mangialardi has moved to dismiss plaintiff's claim of intentional infliction of emotional distress under Count III and plaintiff's claims of defamation under Counts IV and V.

*1.    Intentional infliction of emotional distress*

Under Illinois law, the following elements are required to state a claim for the tort of intentional infliction of emotional distress: (1) extreme and outrageous conduct; (2) intent to cause severe emotional distress or knowledge that there is a high probability of causing severe

5

emotional distress; and (3) the conduct actually caused severe emotional distress. *Doe v. Calumet City*, 161 Ill. 2d 374, 392, 641 N.E.2d 498, 506 (Ill. 1994); *Public Fin. Corp. v. Davis*, 66 Ill. 2d 85, 89-91, 360 N.E.2d 765, 767-68 (Ill. 1976). Mangialardi asserts that plaintiff fails to allege specific facts "from which the level of severity of the emotional distress could be inferred," that plaintiff does not allege that he sought medical care and that "there is no statement that defendant knew that the alleged statements would inflict or would likely inflict emotional distress as is required by the stricter pleading standard under Illinois law." (Mangialardi's Mot. ¶¶ 10-12.) Defendant's contentions are best left for a motion for summary judgment or trial. Simply put, plaintiff meets the liberal notice pleading requirements under Rule 8. As such, the court will deny Mangialardi's motion to dismiss Count III.

2. *Defamation*

Under Illinois law, "[a] statement is defamatory if it tends to cause such harm to the reputation of another that it lowers that person in the eyes of the community or deters third persons from associating with" him. *Quinn v. Jewel Food Stores, Inc.*, 276 Ill. App. 3d 861, 865 658 N.E.2d 1225, 1239 (1st Dist. 1995). Mangialardi asserts that plaintiff fails to allege specifics such as to whom Mangialardi directed the allegedly defamatory statements (although plaintiff does, in fact, allege that Mangialardi directed such statements to other fellow employees), when, and in what circumstances. For the same reasons discussed above, the court will deny Mangialardi's motion to dismiss plaintiff's defamation claims under Counts IV and V.

C. **Defendants' motions to strike paragraph nine**

Under paragraph nine, plaintiff alleges that, on or about September 20, 2000, Mangialardi unzipped his trousers and moved his "crotch area" near plaintiff's head. (First Am. Compl. ¶ 9.)

6

Because plaintiff filed his EEOC charge on or about October 24, 2001, or more than 300 days after this incident, defendants argue that the court must strike paragraph nine as untimely. *See Sharp v. United Airlines, Inc.*, 236 F.3d 368, 372 (7th Cir. 2001) (In Illinois, "[a] plaintiff... must file a charge of discrimination with the EEOC or equivalent state agency within 300 days after the 'alleged unlawful employment practice[,]'" quoting 42 U.S.C. § 2000e-5(e)(1)).

In *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002), the Supreme Court recognized that a hostile work environment claim is based not on a single act of harassment but "is comprised of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id.*, quoting 42 U.S.C. § 2000e-5(e)(1). As such, "[p]rovided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability. * * * In order for the charge to be timely, the employee need only file a charge within ... 300 days of any act that is part of the hostile work environment." *Id.* at 117-18.

Here, plaintiff alleges that other acts of harassment occurred within the 300-day limitations period. And, plaintiff's allegation in paragraph nine forms a part of his hostile work environment claim. Thus, the court will deny defendants' motions to strike paragraph nine.

D. **Defendants' motions to strike plaintiff's demand for punitive damages under Count III**

Under plaintiff's claim for intentional infliction of emotional distress, plaintiff seeks punitive damages against defendants. Punitive damages, however, are not available for claims of intentional infliction of emotional distress under Illinois law. *See, e.g., Hawkins v. Mathus*, No. 99 C 901, 1999 WL 966128, at *4 (N.D. Ill. Oct. 8, 1999) ("Illinois law precludes an award of

7

punitive damages for intentional infliction of emotional distress."), citing *Knierim v. Izzo*, 22 Ill. 2d 73, 88, 174 N.E.2d 157, 165 (1961) (holding that a claim for intentional infliction of emotional distress does not provide for punitive damages). As such, the court will strike plaintiff's claim for punitive damages under Count III.

## ORDER

Wherefore, the Hospital's motion to dismiss Count II is granted [#8-1], Mangialardi's motion to dismiss plaintiff's claims against him is denied [#10-1], defendants' motions to strike paragraph nine are denied [#9-1, #10-2] and defendants' motions to strike plaintiff's demand for punitive damages under Count III are granted [#8-2, #10-2]. Defendants are ordered to answer plaintiff's first amended complaint within twenty (20) days of the date of this order.

ENTER: /s/ Joan H. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: May 29, 2003